254 N.J. Super. 754 (1992)
604 A.2d 242
STATE OF NEW JERSEY, PLAINTIFF,
v.
PETER ABE FELDMAN, DEFENDANT.
Superior Court of New Jersey, Law Division Somerset County.
Decided February 3, 1992.
*755 Nicholas L. Bissell, Jr., Prosecutor of Somerset County, Laurie Head-Melillo, Assistant Prosecutor, appearing for the State.
William J. Bizub, Deputy Public Defender of Somerset County, Anthony J. Mignella, Assistant Deputy Public Defender, appearing for the Defendant.

OPINION
IMBRIANI, P.J. Cr.
This case involves a discovery issue. A residential burglary occurred on December 6, 1988 and jewelry valued at over $12,000 was stolen. At the scene police recovered sixteen latent fingerprints from various jewelry boxes, but were unable to match them with any known fingerprints.
In May, 1990 the New Jersey State Police installed an Automated Fingerprint Information System (hereafter AFIS) which permits latent fingerprints to be electronically compared by a computer with a large data base consisting of over 900,000 sets of known fingerprints of persons previously involved with the criminal justice system. Sometime in 1991 the sixteen latent *756 fingerprints were submitted for AFIS analysis and the computer identified the defendant as having fingerprints that were similar to the latents. The AFIS operator sent his name to the Somerset County Sheriff's Office where a fingerprint expert manually compared the latent fingerprints with those of the defendant. It is his opinion that twelve of the latent fingerprints found at the crime scene are those of the defendant. There is no other evidence to implicate the defendant.
R. 3:13-3(a)(4) permits a defendant to inspect and copy "any relevant ... scientific tests or experiments made in connection with the matter" and R. 3:13-3(a)(7) requires the State to provide the defendant with the names and addresses of all witnesses who have relevant information. The issue in this case is whether the State should be compelled to provide the defendant with all information entered into and produced by AFIS, and the name and curriculum vitae of the AFIS operator.
The State contends that this information is irrelevant because no evidence will be offered at the trial concerning the use or operation of AFIS. The evidence which will be produced at the trial will be the expert opinion of the fingerprint expert from the Sheriff's Office, not the opinion of the AFIS operator or the AFIS printouts. The defendant contends that the information he seeks is relevant because information entered into and produced by AFIS could reveal whether other persons were identified as having fingerprints that were similar to the latents. If so, he wants his expert to examine their fingerprints to determine whether they are similar to any of the latent fingerprints. Defendant contends that this is Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963) material which he is entitled to examine because it may provide him with exculpatory evidence which may deflect suspicion to others. The importance of this evidence is clear because fingerprint comparisons are "a very certain means devised by modern science" to identify persons who committed crimes, United States v. Kelly, 55 F.2d 67, 69 (2 Cir.1932); Roesch v. Ferber, *757 48 N.J. Super. 231, 239, 137 A.2d 61 (App.Div. 1957), so it is especially important for a defendant to assail this evidence.
Before this issue can be adequately analyzed, an understanding of the AFIS system is necessary. Prior to this technology, fingerprints could be identified only by comparing them manually with a known fingerprint. And, of course, if the fingerprint examiner was not given the fingerprint of a specific person, an identification could not be made. If a match was not made, the latent fingerprints were placed into an "unsolved latent" file in the hope that eventually a suspect could be identified whose fingerprints could be compared with the latents.
However, with the advent of AFIS, latent fingerprints can now be electronically and, especially important, quickly compared with over 900,000 sets of known fingerprints. A comparison can be made for each latent fingerprint in about twenty minutes. When latent fingerprints are entered into the AFIS computer they are scanned and digitalized by the computer. This digitalization is used to create a spatial map of the ridge pattern of the fingerprints. The computer then translates these patterns into a binary code so that a searching algorithm can be employed. The computer then compares the latent's binary code to the known fingerprints already in the computer's data base. If the latents are similar to any fingerprints in the data base, the computer will generate a candidate list ranked in order of the closeness of their match, the closest being list first.[1]
The fingerprints of the candidates are then checked on a visual screen by the AFIS operator. Only a candidate whose fingerprints appear to the operator to match the latent fingerprints is sent to the requesting police agency. In most cases the operator determines the fingerprints do not match. When *758 the operator determines that there is a likely match, only the name of that candidate is sent to the requesting policy agency.
Somewhat surprisingly, if the same latent fingerprints are analyzed a number of times by AFIS, the candidates list of order of likelihood may change, including the possible addition or deletion of less likely candidates. However, a high ranking matching candidate would normally still appear at or near the top of the list regardless of the number of analyses.
Although R. 3:13-3(a)(4) does not define what constitutes a "scientific test" we are satisfied that an AFIS analysis is a scientific test.
Evidence offered by a criminal defendant for the purpose of proving that someone else committed the offense for which he is charged is relevant if it "has a rational tendency to engender a reasonable doubt with respect to an essential feature of the State's case". State v. Koedatich, 112 N.J. 225, 298, 548 A.2d 939 (1988), cert. den. 488 U.S. 1017, 109 S.Ct. 813, 102 L.Ed.2d 803 (1989). Such evidence is relevant if it has a rational tendency to lessen the credibility of an essential feature of the State's case even though it does not render the evidence attacked "entirely unbelievable". State v. Jorgensen, 241 N.J. Super. 345, 350-352, 575 A.2d 31 (App.Div. 1990). Relevancy is defined as "evidence having any tendency in reason to prove any material fact", Evid. Rule 1(2), and whether someone else may have committed the crime is certainly relevant.
The State argues that the AFIS information is not relevant because it is not part of the identification process. The court does not agree. In fact, the AFIS analysis is the basis for identification process. The initial identification is made by the AFIS operator who determines whether a candidate's fingerprints match those of the latent. The State's contention that this information is not discoverable because no part of the AFIS process will be offered into evidence at the trial is without merit. Discoverable material is not limited to evidence that will or may be produced at a trial. What the *759 defendant seeks is information which may challenge the determination made by the operator by showing that there are other persons with a match that is as close to that of the latent fingerprint as is that of the candidate sent to the requesting police agency. We are satisfied that information entered into and produced by AFIS may produce relevant evidence and must be given to the defendant. Also since the AFIS operator makes the initial identification, his or her name and curriculum vitae of the operator are also relevant and must also be given to the defendant. We hold that the requested information is discoverable under R. 13-3(a)(4) and (a)(7).
It was revealed during the plenary hearing that after the name of the most likely candidate was sent to the requesting police agency all information produced by AFIS was destroyed. We do not find that the destruction of this material to have been the result of any bad faith by the State, or that it is sufficiently material to the defense, or that its destruction prejudices the defense. See State v. Hollander, 201 N.J. Super. 453, 478-480, 493 A.2d 563 (App.Div. 1985), certif. den. 101 N.J. 335, 501 A.2d 983 (1985). However, in the future the State would be better advised to retain this information until the case is completed. The request of the defendant that the State be ordered to make another AFIS analysis is denied, particularly since it is undisputed that two or more analyses will not necessarily produce the names of the same candidates. The defendant can ask the jury to consider the destruction of possible exculpatory information in arriving at its verdict.
NOTES
[1] Since AFIS does not file criminal charges, the persons with a close fingerprint match are described as candidates, not suspects.